# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DERRICK HALL,

    Plaintiff,

v.

PATRICIA L. CARUSO, *et al.*,

    Defendants.

                             /

CASE NO. 08-CV-13183

DISTRICT JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED IN PART** for failure to state a claim upon which relief may be granted. Specifically, I suggest that the complaint be served only on Defendants Gladney, Hayes and Vadlamudi, and that all other defendants be *sua sponte* dismissed with prejudice because Plaintiff has failed to state a claim against them.

## II. REPORT

### A. Introduction

Plaintiff Derrick Hall is a state prisoner who is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. On July 24, 2008, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment right to not have his serious medical needs met with deliberate indifference was violated by fifteen employees of the

Michigan Department of Corrections. Plaintiff attached to the complaint 54 pages of supporting documentation, which includes grievances, kites and medical records.

Plaintiff's claims stem from an incident that occurred in December 2007 when Plaintiff was incarcerated at the Mound Correctional Facility in Detroit, Michigan. Specifically, on December 1, 2007, Plaintiff dropped a box of frozen food on his hand and sustained an injury. (MDOC Progress Note attached to Compl., Dkt. 1 at 50.) On December 4, 2007, an x-ray revealed a fracture to the fourth metacarpal and Plaintiff was sent to Detroit Receiving Hospital ("DRH") where he received a splint and pain medication. (DRH Discharge Instructions, Compl. at 43.) Plaintiff's discharge instructions stated that he should call "as soon as possible to make an appointment in 5 days" with the specialists at the "HAND/PLASTICS" clinic. (*Id.* at 45.) Plaintiff claims that "the M.D.O.C. refused to follow such orders" (Compl. at 2) and that, by the time Plaintiff was taken to Duane Waters Hospital on January 9, 2008, he learned that "due to the lack of timely medical care Plaintiff must have surgery on his hand and have pins and plates inserted." (Compl. at 3.) Plaintiff thus claims that his pain and suffering have lasted much longer than they should have due to the delay in proper care. As of the time the complaint was filed, the surgery still had not been performed.

As defendants, Plaintiff names the Director of the MDOC, the Warden of the Mound Correctional Facility, six MDOC nurses, one doctor, and four other corrections officials. Plaintiff seeks $15 million in compensatory and general damages, $75,000 in punitive damages from each defendant, an order that his damages award may not be used to cover the costs of his incarceration, and other injunctive relief. (Compl. at 11-12.)

On September 12, 2008, U.S. District Judge Bernard A. Friedman referred all pretrial matters to the undersigned magistrate judge. (Dkt. 3.) Plaintiff's application to proceed without

prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted by Magistrate Judge R. Steven Whalen on the same day. (Dkt. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.    Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that "the PLRA mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its

supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### C. Discussion

#### 1. Official Capacity Claims

The complaint states that each defendant is being sued in both their individual and official capacities. (Compl., Dkt. 1 ¶ 23.) A suit against a state official in his or her official capacity seeking damages under 42 U.S.C. § 1983 is barred by the Eleventh Amendment because such an action is, in fact, a suit against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, nor a state official sued in his official capacity is a 'person' who is subject to suit under § 1983." *Massingill v. Ohio Adult Parole Authority*, 28 Fed. Appx. 510, 511 (6th Cir. 2002) (holding that motion to amend complaint to add state officials in their official capacities as defendants was properly denied because it would not have withstood a Rule 12(b)(6) motion to dismiss). *See also Watson v. Baxter*, No. 01-5971, 2002 WL 475263 (6th Cir. March 27, 2002) (unpublished) (affirming district court's *sua sponte* dismissal pursuant

to Prison Litigation Reform Act's screening provision of complaint seeking monetary and punitive damages against a state official in his official capacity).

To the extent that Plaintiff seeks injunctive relief against the defendants in their official capacities, I suggest that the complaint likewise fails to state a claim because Plaintiff is asking for an injunction that basically instructs the State officials to obey the law. (*See* Compl. at 11.) This type of "overbroad blanket injunction" is cumulative of the laws themselves and therefore not available. *See Coleman v. Dep't of Rehabilitation and Corrections*, 46 Fed. App'x 765, 772-73 (6th Cir. 2002).

Accordingly, I suggest that Plaintiff's official capacity claims should be *sua sponte* dismissed for failure to state a claim.

### 2. Individual Capacity Claims

#### a. Defendants Caruso and Romanaski

Defendant has named MDOC Director Patricia Caruso and Warden Romanaski as defendants. It is well-established that to state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of each defendant. *See, e.g., Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (liability under § 1983 cannot be based upon a theory of *respondeat superior*); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (supervisory defendant must have been personally involved, encouraged or condoned the alleged misconduct); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim").

Plaintiff has not alleged any personal involvement by Defendants Caruso and Romanaski, whose names do not even appear in the portion of the complaint setting forth the factual

allegations. Instead, Plaintiff lists them as "parties," stating that Defendant Caruso is "responsible for all individuals entrusted to the custody of the MDOC" and that Defendant Romanaski "adopted and ratified" the actions of the medical staff and "should likewise be held liable." (Compl. at 4-5.) In other words, they are included as defendants solely due to the supervisory positions they hold, which do not subject them to liability. *See Salehphour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Therefore, because Plaintiff has not alleged that Defendants Caruso and Romanaski were personally involved in or caused the alleged constitutional violations, I suggest that Plaintiff has failed to state a § 1983 claim against them. Thus, I recommend that these defendants be *sua sponte* dismissed from the case.

b. **Defendants Whitfield, Jones, Armstrong and Siaiken**

Plaintiff's only allegation against Defendants Whitfield and Jones is that they responded to Plaintiff's grievances and "should likewise be held liable." (Compl. at 8, ¶¶ 16, 18.) Defendants Armstrong and Siaiken are not mentioned in the complaint's allegations, but their names appear on several grievances they reviewed that are attached to the complaint. The mere denial of a prisoner's grievance, however, does not state a claim of constitutional dimension. *See Alder v. Correctional Medical Servs.*, 73 Fed. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, I suggest that Defendants Whitfield, Jones, Armstrong, and Siaiken be *sua sponte* dismissed because Plaintiff has failed to state a claim against them.

### c. Remaining Defendants

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Liberally construing Plaintiff's complaint as required, I suggest that Plaintiff has stated a claim against Defendants Hayes, Gladney, and Vadlamudi, because these are the only defendants arguably alleged to have known of and disregarded a substantial risk of harm to Plaintiff. In the section of the complaint entitled "Cause of Action I," Plaintiff alleges that: Defendant Nurse Hayes refused to reevaluate him on December 3, 2007 (Compl. at 9, ¶ 24); Defendant Nurse Gladney refused to give him medical care on December 3, 2007 (*id.* ¶ 26); and that Defendant Dr. Seetha Vadlamudi ignored the instructions from Detroit Receiving Hospital. (*Id.*) Plaintiff also alleges in the "Statement of Facts" section of the complaint that his added pain and need for surgery "could have been avoided if Dr. Seetha R. Vadlamudi and staff acted with the proper Medical treatment that any prisoner should be entitled to." (Compl. at 3.)

None of the remaining defendants (Nurse Smith, Nurse Moore, Nurse Grzembski, Nurse Payne, Nurse Maxwell, and WPA Quinn) are mentioned in the allegations of the complaint and therefore I suggest that they be *sua sponte* dismissed. Although they may have had incidental or peripheral involvement in Plaintiff's medical care, Plaintiff has not alleged that they took any actions that rose to the level of deliberate indifference to his serious medical needs.

### 3. Conclusion

Accordingly, pursuant to the screening mandated by federal law, I suggest that the complaint be served only on Defendants Gladney, Hayes and Vadlamudi, and that all other defendants be *sua sponte* dismissed with prejudice because Plaintiff has failed to state a claim against them.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: September 16, 2008　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served on Derrick Hall by First-Class Mail and served on U.S. District Judge Bernard Friedman in the traditional manner.

Dated: September 16, 2008    By    s/Mimi D. Bartkowiak
                                       Law Clerk to Magistrate Judge Binder